IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY MORGAN,<br>3707 Atkins Street, Pittsburgh, PA 15212<br><br>Plaintiff,<br><br>v.<br><br>FRANK'S PIZZA AND CHICKEN<br>1722 Mt Royal Blvd, Glenshaw, PA 15116<br><br>Defendant. | JURY TRIAL DEMANDED<br><br>CASE NO.  2:21-cv-560 |

## CIVIL ACTION COMPLAINT

### I.   NATURE OF CLAIM

And now Plaintiff, Amy Morgan, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 2000d, et seq. ("Title VII"), have been violated and avers as follows:

### II.   PARTIES

1.   Plaintiff, Amy Morgan, is an individual and citizen of the Commonwealth of Pennsylvania. She resides at 3707 Atkins Street, Pittsburgh, Pennsylvania 15212.

2.   Defendant, Frank's Pizza and Chicken employed Morgan at 1722 Mt Royal Blvd, Glenshaw, PA 15116.

3.   At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4. At all times relevant to this Action, Defendant employed or upon information and belief employed more than 15 employees.

5. At all times relevant to this Action, Defendant acted by and through their respective authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of their respective businesses.

6. At all times relevant to this Action, the Defendant was an employer within the meaning of Title VII.

7. At all times relevant to this Action, Plaintiff was an employee within the meaning of Title VII,

### III.   JURISDICTION AND VENUE

8. This civil action for sexual harassment, discrimination, and retaliation is instituted pursuant to Title VII of the Civil Rights Act of 1964.

9. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

10. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

11. Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act (See Exhibit "A," a true and correct copy of a request for a Right to Sue forwarded to the EEOC).

### IV.   FACTUAL ALLEGATIONS

12. Plaintiff was hired by Defendant in or about April 2017 as a cook for Franks at the North Hills location and by all accounts was a loyal diligent and competent employee.

13. Plaintiff was hired by Heather Ernst.

14. In or around the beginning of summer 2020, Plaintiff was asked to work at the Shaler location as a delivery driver.

15. Plaintiff worked as a delivery driver at the Shaler location for six (6) months.

16. After six (6) months, Plaintiff was transferred to work in the kitchen at the Shaler location.

17. A manager, Brian LNU, constantly made sexual comments about the Plaintiff's private areas.

18. Plaintiff made it known these comments were unacceptable and reported them to General Manager, Scott Noll.

19. Defendant took no action regarding Brian's sexual harassment of Plaintiff.

20. Plaintiff was forced to take a month off in or about July 2020 because her car broke down.

21. On the Plaintiff's first day back, her manager, Brian, said "I'm so glad you're back now. I can stare at your tits and ass."

22. The Plaintiff stated to Brian not to say these things, and that her boyfriend wouldn't like him saying that.

23. Plaintiff sprained her ankle and she was off work for four days.

24. After Plaintiff came back, Brian let her wear her slide sandals instead of her sneakers since her foot was still swollen. Brian said to Plaintiff, "I did that for you and you still didn't show me your tits?"

25. In or about September of 2020, Plaintiff came into work and was quiet.

26. Brian approached Plaintiff and said, "awe, did your boyfriend not f*** you hard enough last night to put you in a good mood."

27. Plaintiff told him that he was putting her in a bad mood and to knock his shit off and not to say this stuff to her anymore.

28. Plaintiff once again went to Mr. Noll to report Brian's sexual harassment.

29. This time the General Manager told Brian to cease his sexual harassment of Plaintiff.

30. Brian got extremely upset that Plaintiff reported him to the General Manager.

31. In Plaintiff's next paycheck after reporting the harassment, she received an extra $100.

32. Plaintiff contacted the owners to inquire about the extra money in her paycheck.

33. The owners informed her it was for "putting up with the bullshit."

34. In the course of working, Brian told the Plaintiff that he was going to get her to hit him because he thought it was a turn on.

35. Brian made this comment in front of Joe LNU.

36. This employee said, "Eww! Brian you have a boner under your apron."

37. Plaintiff called her ex-boyfriend and told him about Brian's harassment.

38. Plaintiff's boyfriend confronted Brian about his harassment of Plaintiff.

39. Brian stated, "well if the bitch can't take a joke then I don't know what to say to you."

40. On or about October 23, 2020, Plaintiff informed Brian she would be an hour and a half late to work.

41. The next day, her General Manager wrote her up for being late to work.

42. The General Manager explained that he was writing her up because Brian told him that Plaintiff would only be 15 minutes late.

43. Brian's lie was in retaliation for telling the General Manager that if he didn't do something about Brian, Plaintiff was going to press charges and contact an attorney.

44. On or about October 24, 2020, Brian said, "oh she's in a bad mood, she must not have gotten it hard enough last night."

45. Brian had told the Plaintiff that he was going to get her so angry at him that she would either hit him, quit or get her fired.

46. Plaintiff could not suffer Brian's sexual harassment any further and was forced to quit on or about October 24, 2020.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### DISPARATE TREATMENT

47. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

48. Plaintiff was discriminated against and/or treated differently in her employment with Defendant because, as a female, she was subject to disparate treatment.

49. Plaintiff suffered adverse employment actions as a result of this discrimination, among other things, she was terminated, disciplined for being the victim of sexual assault and harassment, was threatened for making complaints about the workplace, and was subject to unwarranted scrutiny.

50. These adverse employment actions-imposed burdens upon Plaintiff that would not be imposed upon male employees.

51. This willful, intentional, and unlawful sex discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C. § 2000e, *et seq*. and require the imposition of punitive damages.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## HARASSMENT

52. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

52. Plaintiff had to endure pervasive and regular harassment from her co-worker and was retaliated against by management because she made complaints about unlawful gender-based harassment and discrimination.

53. This harassment detrimentally affected her in that, among other things she suffered physical pain, embarrassment, humiliation, emotional distress, and disruption to her life because of Defendant actions.

54. The harassment by her co-worker would detrimentally affect a reasonable person for all of the reasons stated herein, as the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

55. The harassment of Plaintiff by Defendant's employee was willful and intentional.

56. Despite Plaintiff complaining about these issues to Defendant, no meaningful remedial action was taken with respect to the harassment.

57. This willful, intentional, and unlawful gender-based harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, *et seq*. and requires the imposition of punitive damages.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. At set forth above, Plaintiff made complaints about sexual discrimination and harassing conduct in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

60. Defendant took adverse action against Plaintiff by terminating her employment.

61. As set forth above, Plaintiff' participation in protected activity was a motivating factor in Defendant decision to terminate her employment.

62. As such, Defendant decision to terminate Plaintiff' employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

63. As a proximate result of Defendant conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

64. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

65. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Plaintiff demands attorneys' fees and court costs.

## **RELIEF**

**WHEREFORE**, Plaintiff, Amy Morgan demands judgement in her favor and against Defendant, United Parcel Service, in an amount in excess of $75,000.00 together with:

> A. Compensatory damages for: including, but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

B. Punitive damages;

C. Treble damages;

D. Attorney's fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

DATE: <u>April 27, 2021</u>                              **LAW OFFICES OF ERIC A. SHORE, P.C.**

                                 <u>/s/Mary LeMieux-Fillery, Esq.</u>
                                 **Mary LeMieux-Fillery, Esquire**
                                 Two Penn Center, Suite 1240
                                 1500 John F. Kennedy Boulevard
                                 Philadelphia, PA 19102
                                 Direct Dial: 267-546-0132
                                 Telefax: 215-944-6124
                                 Email: maryf@ericshore.com
                                 *Attorney for Plaintiff, Amy Morgan*